NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD POMPONIO, : | |
| : | Civil Action No. 08-995 (SRC) |
| Petitioner, : | |
| : | **OPINION** |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |
| : | |

**CHESLER**, District Judge

  *Pro se* Petitioner Ronald Pomponio ("Petitioner"), a prisoner currently confined at the Federal Correctional Institution Morgantown, West Virginia has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Respondent, the United States of America ("the Government"), filed its Answer, as ordered by the Court. The Court has reviewed and considered the submissions and, for the following reasons, denies Petitioner's motion and dismisses the petition. Moreover, for the reasons expressed below, the Court rules that a certificate of appealability will not issue.

**I.    BACKGROUND**

  On September 5, 2006, Petitioner pled guilty to one count of conspiring to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. (b)(1)(C), and 21 U.S.C. § 846. Violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) carries a statutory maximum prison sentence of 20 years. As part of the plea agreement, Petitioner waived his right to file

"any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29." (Resp't's Br., Ex. 3 (Plea Agreement with Ronald Pomponio, Schedule A at ¶13).) On December 20, 2007, the Court sentenced Petitioner to a prison term of 33 months, followed by three years of supervised release. The judgment was entered on the docket on the same day. Petitioner did not file an appeal of his judgment.

Petitioner's sentence represented a two-level decrease to an offense level of 27 pursuant to U.S.S.G.§ 5C1.2(a), the Sentencing Guideline's Safety Valve provision. (Resp't's Br., Ex. 1 at ¶¶76, 27 (Presentence Report); see also Resp't's Br., Ex. 2 (Statement of Reasons).) Relating to Petitioner, an offense level of 27 represented a guidelines imprisonment range of 70 to 87 months. (See Resp't's Br., Ex. 1; U.S.S.G., ch. 5, pt. A, sentencing table (2008).) The sentence was further reduced to 33 months by this Court pursuant to the Government's U.S.S.G. § 5K1.1 motion.

On February 19, 2008, Petitioner filed this § 2255 petition, to vacate, set aside or correct his sentence [docket item #1]. First, he asserts an ineffective assistance of counsel claim, stating that his counsel failed to request that the Court apply a two-level sentence reduction pursuant to U.S.S.G. § 5C1.2 and failed to object to the Presentence Report's not including such a reduction. (Pet'r's Mot. ¶12(A).) Second, Petitioner states that his plea was "unknowing, unintelligent & involuntary[,]" because his counsel did not request a U.S.S.G. § 5C1.2 two-level sentence reduction. (Pet'r's Mot. ¶12(B).) Finally, Petitioner asserts that trial counsel was ineffective

due to his refusal to file a notice of appeal despite Petitioner's request, which was based on Petitioner's understanding that he should have received a shorter sentence due to U.S.S.G. § 5C1.2.  (Pet'r's Mot. ¶12(C).)  The Government filed its Answer on November 15, 2007 [docket item #6].

## II.   DISCUSSION

Ronald Pomponio is a *pro se* petitioner.  A *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers.  Haines v. Lerner, 404 U.S. 519, 520 (1972).  Our jurisprudence directs that a *pro se* habeas petition, such as the one at bar, should be construed liberally and with a measure of tolerance.  Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).  However, even applying this generous standard, the Court finds that Petitioner's § 2255 petition must be denied.

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to attack the validity of his sentence.  Under that provision, a petition may proceed on the grounds that: (1) the imposed sentence violated the United States Constitution or laws; (2) the court did not have jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is subject to collateral attack on other grounds.  28 U.S.C. § 2255.  "[A] motion to vacate sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the court."  United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980).  Additionally, unless it appears conclusively from the motion, files, and records that the Petitioner is not entitled to relief, the district court must grant the Petitioner an evidentiary hearing on the matter.  See id.

Petitioner argues that his trial counsel's representation was ineffective, and the ineffective assistance was prejudicial.  All of Petitioner's arguments center on his contention that his trial

3

counsel failed to request that the Court apply a two-level sentence reduction pursuant to U.S.S.G. § 5C1.2, and, had a sentence reduction been granted, he would be serving a shorter sentence. Specifically, Petitioner asserts that his sentence should have been based on an offense level 17, which he calculates as providing for a range of 24 to 30 months imprisonment. (Pet'r's Mot. ¶12(A).) Petitioner reaches this conclusion by reducing the 33 month sentence he received, which was lowered below the Sentencing Guidelines, pursuant to U.S.S.G. §5K1.1, by an additional two levels. (Id.)

Claims of ineffective assistance of counsel are governed by the decision of the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. Marshall v. Hendricks, 307 F.3d 36, 84 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). Two demonstrations must be made by Petitioner in order to succeed on such a claim.

> First, the [petitioner] must show that counsel's performance was deficient, that is, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." [Strickland, 466 U.S. at 687.] In assessing counsel's performance, the reviewing court must be "highly deferential," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation and internal quotation omitted). It is "only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989). If a [petitioner] succeeds in satisfying the first component, he must then also show prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In the sentencing context, prejudice exists where the deficient performance affected a defendant's sentence. See, e.g., Glover v. United States, 531 U.S. 198, 203-04 [] (2001) (holding that any increase in sentence resulting from deficient performance can constitute prejudice).

United States v. Hankerson, 496 F.3d 303, 310-11 (3d Cir. 2007).

Petitioner's contention that he did not receive a reduction in sentence pursuant to U.S.S.G. § 5C1.2(a) is incorrect.  Prior to granting a significant downward departure pursuant to the Government's U.S.S.G. § 5K1.1 motion, the Court reduced Petitioner's offense level from a 29 to a 27 based on the Safety Valve provision, U.S.S.G. § 5C1.2.  (Resp't's Br., Ex. 1 at ¶¶76, 27 (Presentence Report); see also Resp't's Br., Ex. 2 (Statement of Reasons).)  Because Petitioner benefitted from a U.S.S.G. § 5C1.2 sentence reduction, Petitioner cannot demonstrate that counsel's alleged failure to petition the Court to apply that provision, notify Petitioner of the existence of that provision, and file a notice of appeal based on that provision not being applied was deficient representation pursuant to the first prong of the Strickland test.  See Strickland, 466 U.S. at 687.  Furthermore, since Petitioner received downward departures based on U.S.S.G. § 5C1.2 and the Government's U.S.S.G. § 5K1.1 motion, he fails to demonstrate that his sentence is invalid under 28 U.S.C. § 2255.  Additionally, as it appears "conclusively from the motion, files, and records that the Petitioner is not entitled to relief[,]" Williams, 615 F.2d at 591, no evidentiary hearing is required to evaluate Petitioner's application.  In short, review Petitioner's claims of ineffective assistance of counsel based on his trial counsel's alleged failure to seek application of U.S.S.G. § 5C1.2, notify Petitioner of that provision, and file an appeal relating to that provision conclusively demonstrates that Petitioner is not entitled to relief.  See Williams, 615 F.2d at 591.

### III.     Certificate of Appealability

This Court must determine whether a certificate of appealability should issue.  3d Cir. L.A.R. 22.2 (2007).  The Court should issue a certificate only if the petitioner "has made a

5

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When claims are rejected on the merits, for a certificate to issue, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, where a district court rejects claims on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court finds, based on its review of Petitioner's § 2255 motion papers, that Petitioner has failed to make a substantial showing that his Sixth Amendment right to counsel has been denied and, further, has not shown that jurists of reason would find this conclusion debatable. Therefore, this Court declines to issue a certificate of appealability pursuant to § 2253(c)(2).

**IV.   CONCLUSION**

For the foregoing reasons, this Court denies Petitioner's motion for relief under 28 U.S.C. § 2255. A certificate of appealability will not issue. An appropriate form of order will be filed together with this Opinion.

      s/ Stanley R. Chesler
      STANLEY R. CHESLER
      United States District Judge

DATED: August 27, 2008